**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**SCANNING TECHNOLOGIES INNOVATIONS, LLC,**

Plaintiff,

v.

**PASSAGE, INC.,**

Defendant.

Case No. ____________________

**JURY TRIAL DEMANDED**

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Scanning Technologies Innovations, LLC ("Plaintiff" or "STI") files this complaint against Passage, Inc. ("Passage" or "Defendant") for infringement of U.S. Patent Nos. 8,469,270; 9,053,498; 9,466,078; 9,934,528; 10,600,101; and 12,380,473 and alleges as follows:

## PARTIES

1. Plaintiff is a Florida limited liability company with a principal place of business at 1 E. Broward Blvd., Ste. 700, Ft. Lauderdale, FL 33301.

2. On information and belief, Defendant is a corporation organized under the laws of the State of Delaware, with its principal place of business at 2200 Hunt Street, Suite 436, Detroit, Michigan 48207. Passage develops, markets, and distributes event ticketing and admission software, including the Passage Manager mobile application and the servers that support it. Defendant may be served through its registered agent, Alex Linebrink, 2200 Hunt Street, Suite 436, Detroit, Michigan 48207.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, 35 U.S.C. § 271 *et seq*. Plaintiff is seeking damages, as well as attorney fees and costs.

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents).

5. This Court has personal jurisdiction over Defendant. Defendant maintains its principal place of business in the State of Michigan and within this District, has continuous and systematic business contacts with the State of Michigan, and transacts business in the State of Michigan. Further, this Court has personal jurisdiction over Defendant based on its commission of one or more acts of infringement of STI's patents in this District.

6. Defendant directly conducts business extensively throughout the State of Michigan, by distributing, making, using, offering for sale, selling, and advertising its products and services in the State of Michigan. Defendant has purposefully and voluntarily made its products and services, including the infringing systems, available to residents of this District and into the stream of commerce with the intention and expectation that they will be purchased and/or used by consumers in this District.

7. On information and belief, Defendant maintains a physical, regular, and established place of business in this District, retains employees in this District, and generates substantial revenues from its business activities in this District. Such places of business include its principal place of business at 2200 Hunt Street, Suite 436, Detroit, Michigan 48207, where, on information and belief, Defendant develops, operates, and supports the Accused Instrumentalities identified below.

8. Venue is proper in the Eastern District of Michigan as to Defendant pursuant to at least 28 U.S.C. §§ 1391(b)–(c) and 1400(b). As noted above, Defendant maintains a regular and established place of business in this District and has committed acts of infringement in this District.

## PATENTS-IN-SUIT

9. Plaintiff is the sole and exclusive owner, by assignment, of U.S. Patent No. 8,469,270 (hereinafter "the '270 Patent"), U.S. Patent No. 9,053,498 (hereinafter "the '498 Patent"), U.S. Patent No. 9,466,078 (hereinafter "the '078 Patent"), U.S. Patent No. 9,934,528 (hereinafter "the '528 Patent"), U.S. Patent No. 10,600,101 (hereinafter "the '101 Patent"), and U.S. Patent No. 12,380,473 (hereinafter "the '473 Patent"). The '270, '498, '078, '528, '101 and '473 Patents are collectively referred to herein as the "Asserted Patents."

10. The patent applications that issued as the '498, '078, '528, '101 and '473 Patents are continuations descending from the patent application that issued as the '270 Patent. Thus, the Asserted Patents share a common specification.

11. The '270 Patent is attached as Exhibit A, the '498 Patent is attached as Exhibit B, the '078 Patent is attached as Exhibit C, the '528 Patent is attached as Exhibit D, the '101 Patent is attached as Exhibit E, and the '473 Patent, together with its Certificate of Correction issued October 7, 2025, is attached as Exhibit F.

12. The Asserted Patents are valid, enforceable, and were duly issued in full compliance with Title 35 of the United States Code.

13. Plaintiff possesses all rights of recovery under the Asserted Patents, including the exclusive right to recover for past, present and future infringement.

14. The '270 Patent contains twenty-eight claims including three independent claims and twenty-five dependent claims.

15. The ’498 Patent contains twenty claims including three independent claims and seventeen dependent claims.

16. The ’078 Patent contains sixteen claims including three independent claims and thirteen dependent claims.

17. The ’528 Patent contains twenty-one claims including four independent claims and seventeen dependent claims.

18. The ’101 Patent contains twenty-one claims including four independent claims and seventeen dependent claims.

19. The ’473 Patent contains four claims including one independent claim and three dependent claims.

20. The priority date of the Asserted Patents is at least as early as February 25, 2012. As of the priority date, the inventions as claimed were novel, non-obvious, unconventional, and non-routine.

21. Plaintiff alleges infringement on the part of Defendant of the Asserted Patents.

22. As noted, the claims of the Asserted Patents have a priority date at least as early as February 25, 2012. The inventions as claimed solve long-standing problems in the mobile scanning of product codes that existed in the art as of the date of invention. In particular, a user who scanned a product code with a mobile device had to establish a network connection and query a remote server merely to learn whether any information about the scanned article existed. As the common specification explains, such devices “take time to connect to the Internet (if Internet service is even available) and then the user still may or may not have information on the article of commerce.” ’270 Patent at 1:44–46.

23. The claims of the Asserted Patents overcome these deficiencies existing in the art as of the date of invention, and comprise non-conventional, novel, technical approaches that transform the inventions as claimed into substantially more than mere abstract ideas.

24. For example, the inventions as claimed store, in a server database, a look-up table that associates product codes with information link indicators, each configured as a status signal indicating the existence or absence of a link to information about the corresponding article of commerce, and make that look-up table available to the mobile device, so that the mobile device can "immediately determine if product information is available for a particular article of commerce, via a visual or audible indication on the mobile device, without access to the communication network." '270 Patent at Abstract. As the common specification further explains, "[w]ith the look-up table(s) stored in local memory on the user's mobile device, the user may access the information on the table at any time without the need to continually access information from the server." *Id.* at 4:27–30.

25. The claims of the Asserted Patents are not drawn to laws of nature, natural phenomena, or abstract ideas. To the contrary, the claims of the Asserted Patents are directed to, for example, a specific system comprising a mobile device having a portable handheld housing, a signal processing device, and a visual input device affixed within that housing; a local database associated with the mobile device; and a server having a server database that stores the look-up table, in which the look-up table is downloaded to and stored in the local database and the signal processing device determines, from the respective information link indicator, whether a link to information exists for a scanned article of commerce. The specific combinations of elements, as recited in the claims, were not conventional or routine at the time of the invention.

26. The improvements disclosed in the Asserted Patents and the feature recitations in the claims of the Asserted Patents are not those that would be well-understood, routine, or conventional to one of ordinary skill in the art at the time of the invention.

27. The ’270 Patent was examined by Primary United States Patent Examiner Michael G. Lee and Assistant Examiner Laura Gudorf. During the examination of the ’270 Patent, the United States Patent Examiner searched for prior art in the following US Classifications: USPC 235/375, 235/379, 235/383, 235/385, 235/462.01–462.49; 705/26.1–26.8, 705/28, 705/346.

28. After giving full proper credit to the prior art and having conducted a thorough search for all relevant art and having fully considered the most relevant art known at the time, the United States Patent Examiner allowed all of the claims of the ’270 Patent to issue. In so doing, it is presumed that Examiner Lee used his knowledge of the art when examining the claims. *K/S Himpp v. Hear-Wear Techs., LLC*, 751 F.3d 1362, 1369 (Fed. Cir. 2014). It is further presumed that Examiner Lee had experience in the field of the invention, and that the Examiner properly acted in accordance with a person of ordinary skill. *In re Sang Su Lee*, 277 F.3d 1338, 1345 (Fed. Cir. 2002). In view of the foregoing, the claims of the ’270 Patent are novel and non-obvious, including over all non-cited art which is merely cumulative with the referenced and cited prior art. Likewise, the claims of the ’270 Patent are novel and non-obvious, including over all non-cited contemporaneous state of the art systems and methods, all of which would have been known to a person of ordinary skill in the art, and which were therefore presumptively also known and considered by Examiner Lee.

29. The claims of the ’270 Patent were all properly issued, and are valid and enforceable for the respective terms of their statutory life through expiration, and are enforceable for purposes of seeking damages for past infringement even post-expiration. *See, e.g.*, *Genetics*

*Institute, LLC v. Novartis Vaccines and Diagnostics, Inc.*, 655 F.3d 1291, 1299 (Fed. Cir. 2011) ("[A]n expired patent is not viewed as having 'never existed.' Much to the contrary, a patent does have value beyond its expiration date. For example, an expired patent may form the basis of an action for past damages subject to the six-year limitation under 35 U.S.C. § 286") (internal citations omitted).

30. The claims of the '270 Patent expired on June 25, 2025.

31. The '498 Patent was examined by Primary United States Patent Examiner Michael G. Lee and Assistant Examiner Laura Gudorf. During the examination of the '498 Patent, the United States Patent Examiner searched for prior art in the following US Classifications: USPC 235/375, 235/379, 235/385, 235/462.01–462.49; 705/26.1–26.8, 705/28, 705/346.

32. After giving full proper credit to the prior art and having conducted a thorough search for all relevant art and having fully considered the most relevant art known at the time, the United States Patent Examiner allowed all of the claims of the '498 Patent to issue. In so doing, it is presumed that Examiner Lee used his knowledge of the art when examining the claims. *K/S Himpp v. Hear-Wear Techs., LLC*, 751 F.3d 1362, 1369 (Fed. Cir. 2014). It is further presumed that Examiner Lee had experience in the field of the invention, and that the Examiner properly acted in accordance with a person of ordinary skill. *In re Sang Su Lee*, 277 F.3d 1338, 1345 (Fed. Cir. 2002). In view of the foregoing, the claims of the '498 Patent are novel and non-obvious, including over all non-cited art which is merely cumulative with the referenced and cited prior art. Likewise, the claims of the '498 Patent are novel and non-obvious, including over all non-cited contemporaneous state of the art systems and methods, all of which would have been known to a person of ordinary skill in the art, and which were therefore presumptively also known and considered by Examiner Lee.

33. The claims of the ’498 Patent were all properly issued, and are valid and enforceable for the respective terms of their statutory life through expiration, and are enforceable for purposes of seeking damages for past infringement even post-expiration. *See, e.g.*, *Genetics Institute, LLC v. Novartis Vaccines and Diagnostics, Inc.*, 655 F.3d 1291, 1299 (Fed. Cir. 2011) (“[A]n expired patent is not viewed as having ‘never existed.’ Much to the contrary, a patent does have value beyond its expiration date. For example, an expired patent may form the basis of an action for past damages subject to the six-year limitation under 35 U.S.C. § 286”) (internal citations omitted).

34. The claims of the ’498 Patent expired on July 17, 2023.

35. The ’078 Patent was examined by Primary United States Patent Examiner Laura Gudorf. During the examination of the ’078 Patent, the United States Patent Examiner searched for prior art in the following classifications: CPC G06Q 30/0281, G06Q 30/0251, G06Q 30/02, G06F 17/2235, G06F 17/30699, G06F 17/30879; USPC 235/385.

36. After giving full proper credit to the prior art and having conducted a thorough search for all relevant art and having fully considered the most relevant art known at the time, the United States Patent Examiner allowed all of the claims of the ’078 Patent to issue. In so doing, it is presumed that Examiner Gudorf used her knowledge of the art when examining the claims. *K/S Himpp v. Hear-Wear Techs., LLC*, 751 F.3d 1362, 1369 (Fed. Cir. 2014). It is further presumed that Examiner Gudorf had experience in the field of the invention, and that the Examiner properly acted in accordance with a person of ordinary skill. *In re Sang Su Lee*, 277 F.3d 1338, 1345 (Fed. Cir. 2002). In view of the foregoing, the claims of the ’078 Patent are novel and non-obvious, including over all non-cited art which is merely cumulative with the referenced and cited prior art. Likewise, the claims of the ’078 Patent are novel and non-obvious, including over all non-cited

contemporaneous state of the art systems and methods, all of which would have been known to a person of ordinary skill in the art, and which were therefore presumptively also known and considered by Examiner Gudorf.

37. The claims of the ’078 Patent were all properly issued, and are valid and enforceable for the respective terms of their statutory life through expiration, and are enforceable for purposes of seeking damages for past infringement even post-expiration. *See, e.g.*, *Genetics Institute, LLC v. Novartis Vaccines and Diagnostics, Inc.*, 655 F.3d 1291, 1299 (Fed. Cir. 2011) (“[A]n expired patent is not viewed as having ‘never existed.’ Much to the contrary, a patent does have value beyond its expiration date. For example, an expired patent may form the basis of an action for past damages subject to the six-year limitation under 35 U.S.C. § 286”) (internal citations omitted).

38. The nominal expiration date for the claims of the ’078 Patent is February 25, 2032.

39. The ’528 Patent was examined by Primary United States Patent Examiner Laura Gudorf. During the examination of the ’528 Patent, the United States Patent Examiner searched for prior art in the following classifications: CPC G06F 17/30699, G06F 17/2235, G06F 17/30879, G06Q 30/02, G06Q 30/0251, G06Q 30/0281.

40. After giving full proper credit to the prior art and having conducted a thorough search for all relevant art and having fully considered the most relevant art known at the time, the United States Patent Examiner allowed all of the claims of the ’528 Patent to issue. In so doing, it is presumed that Examiner Gudorf used her knowledge of the art when examining the claims. *K/S Himpp v. Hear-Wear Techs., LLC*, 751 F.3d 1362, 1369 (Fed. Cir. 2014). It is further presumed that Examiner Gudorf had experience in the field of the invention, and that the Examiner properly acted in accordance with a person of ordinary skill. *In re Sang Su Lee*, 277 F.3d 1338, 1345 (Fed.

Cir. 2002). In view of the foregoing, the claims of the '528 Patent are novel and non-obvious, including over all non-cited art which is merely cumulative with the referenced and cited prior art. Likewise, the claims of the '528 Patent are novel and non-obvious, including over all non-cited contemporaneous state of the art systems and methods, all of which would have been known to a person of ordinary skill in the art, and which were therefore presumptively also known and considered by Examiner Gudorf.

41. The claims of the '528 Patent were all properly issued, and are valid and enforceable for the respective terms of their statutory life through expiration, and are enforceable for purposes of seeking damages for past infringement even post-expiration. *See, e.g.*, *Genetics Institute, LLC v. Novartis Vaccines and Diagnostics, Inc.*, 655 F.3d 1291, 1299 (Fed. Cir. 2011) ("[A]n expired patent is not viewed as having 'never existed.' Much to the contrary, a patent does have value beyond its expiration date. For example, an expired patent may form the basis of an action for past damages subject to the six-year limitation under 35 U.S.C. § 286") (internal citations omitted).

42. The claims of the '528 Patent expired on May 11, 2026.

43. The '101 Patent was examined by Primary United States Patent Examiner Laura A. Gudorf. During the examination of the '101 Patent, the United States Patent Examiner searched for prior art in the following classifications: CPC G06Q 30/0623, G06Q 30/02, G06Q 30/0251, G06Q 30/0277, G06Q 30/0281, G06F 16/22, G06F 16/9558, G06F 16/335, G06F 16/951, G06F 3/167, G06F 17/2235, H04L 67/02.

44. After giving full proper credit to the prior art and having conducted a thorough search for all relevant art and having fully considered the most relevant art known at the time, the United States Patent Examiner allowed all of the claims of the '101 Patent to issue. In so doing, it

is presumed that Examiner Gudorf used her knowledge of the art when examining the claims. *K/S Himpp v. Hear-Wear Techs., LLC*, 751 F.3d 1362, 1369 (Fed. Cir. 2014). It is further presumed that Examiner Gudorf had experience in the field of the invention, and that the Examiner properly acted in accordance with a person of ordinary skill. *In re Sang Su Lee*, 277 F.3d 1338, 1345 (Fed. Cir. 2002). In view of the foregoing, the claims of the '101 Patent are novel and non-obvious, including over all non-cited art which is merely cumulative with the referenced and cited prior art. Likewise, the claims of the '101 Patent are novel and non-obvious, including over all non-cited contemporaneous state of the art systems and methods, all of which would have been known to a person of ordinary skill in the art, and which were therefore presumptively also known and considered by Examiner Gudorf.

45. The claims of the '101 Patent were all properly issued, and are valid and enforceable for the respective terms of their statutory life through expiration, and are enforceable for purposes of seeking damages for past infringement even post-expiration. *See, e.g.*, *Genetics Institute, LLC v. Novartis Vaccines and Diagnostics, Inc.*, 655 F.3d 1291, 1299 (Fed. Cir. 2011) ("[A]n expired patent is not viewed as having 'never existed.' Much to the contrary, a patent does have value beyond its expiration date. For example, an expired patent may form the basis of an action for past damages subject to the six-year limitation under 35 U.S.C. § 286") (internal citations omitted).

46. The nominal expiration date for the claims of the '101 Patent is February 25, 2032.

47. The '473 Patent was examined by Primary United States Patent Examiner Laura A. Gudorf. During the examination of the '473 Patent, the United States Patent Examiner searched for prior art in the following classifications: CPC G06Q 30/0281, G06Q 30/0267, G06Q 30/0623, G06Q 30/0627, G06Q 30/0643.

48. After giving full proper credit to the prior art and having conducted a thorough search for all relevant art and having fully considered the most relevant art known at the time, the United States Patent Examiner allowed all of the claims of the ’473 Patent to issue. In so doing, it is presumed that Examiner Gudorf used her knowledge of the art when examining the claims. *K/S Himpp v. Hear-Wear Techs., LLC*, 751 F.3d 1362, 1369 (Fed. Cir. 2014). It is further presumed that Examiner Gudorf had experience in the field of the invention, and that the Examiner properly acted in accordance with a person of ordinary skill. *In re Sang Su Lee*, 277 F.3d 1338, 1345 (Fed. Cir. 2002). In view of the foregoing, the claims of the ’473 Patent are novel and non-obvious, including over all non-cited art which is merely cumulative with the referenced and cited prior art. Likewise, the claims of the ’473 Patent are novel and non-obvious, including over all non-cited contemporaneous state of the art systems and methods, all of which would have been known to a person of ordinary skill in the art, and which were therefore presumptively also known and considered by Examiner Gudorf.

49. The claims of the ’473 Patent were all properly issued, and are valid and enforceable for the respective terms of their statutory life through expiration, and are enforceable for purposes of seeking damages for past infringement even post-expiration. *See, e.g.*, *Genetics Institute, LLC v. Novartis Vaccines and Diagnostics, Inc.*, 655 F.3d 1291, 1299 (Fed. Cir. 2011) (“[A]n expired patent is not viewed as having ‘never existed.’ Much to the contrary, a patent does have value beyond its expiration date. For example, an expired patent may form the basis of an action for past damages subject to the six-year limitation under 35 U.S.C. § 286”) (internal citations omitted).

50. The nominal expiration date for the claims of the ’473 Patent is February 25, 2032.

## ACCUSED INSTRUMENTALITIES

51. Upon information and belief, Defendant makes, uses, sells, offers for sale, and/or otherwise provides the Passage Manager mobile application, which Defendant distributes through the Apple App Store and the Google Play Store for installation on mobile phones and other mobile devices, together with the servers and server databases that Defendant operates to store and supply event ticket data to that application (collectively, the "Accused Instrumentalities"). Event organizers and their staff use the Passage Manager application to scan and validate the barcodes and QR codes on event tickets for check-in and admission.

52. The Passage Manager application includes an offline scanning mode. Defendant explains that, when the mode is enabled, "that device will attempt to download an entire list of scanable barcodes from the server, and then scan from that list instead of from the Passage servers." *See* https://help.gopassage.com/en/articles/811960-offline-mode-sync-scanning-mode. Once the list has been downloaded to the mobile device, the application captures a ticket's barcode or QR code using the device's built-in camera, decodes it, locates the corresponding ticket record in the locally stored list, and displays a status indication to the user.

53. The Passage Manager application also operates while connected to Defendant's servers. When the application's Quick Scan setting is disabled, upon scanning a ticket the application retrieves and displays the customer's entire order associated with the scanned ticket and allows the user to redeem individual tickets or products. *See* https://help.gopassage.com/en/articles/64009-scanning-tickets-at-the-event. Upon information and belief, in that mode the application accesses Defendant's servers over the communication network to determine whether information associated with the scanned ticket is available and to retrieve it.

54. The Accused Instrumentalities infringe the ’270, ’498, ’078, ’528, ’101 and ’473 Patents.

**COUNT ONE**

**(Infringement of United States Patent No. 8,469,270)**

55. Plaintiff refers to and incorporates the allegations in Paragraphs 1-54, the same as if set forth herein.

56. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq.*

57. Defendant has knowledge of its infringement of the ’270 Patent, at least as of the service of the present complaint.

58. Accordingly, Defendant has infringed the ’270 Patent in violation of 35 U.S.C. § 271. Upon information and belief, prior to the expiration of the ’270 Patent, Defendant infringed one or more claims, including at least Claims 1 and 13 of the ’270 Patent, through the Accused Instrumentalities, as identified in the Claim Chart attached hereto as Exhibit G.

59. Claim 1 of the ’270 Patent is a system claim that recites both a mobile phone and a server. Upon information and belief, Defendant directly infringed Claim 1 of the ’270 Patent under 35 U.S.C. § 271(a) by making and using the claimed system, including when Defendant’s personnel combined and operated the Passage Manager application on a mobile phone under Defendant’s control, in communication with Defendant’s servers, in the course of developing, testing, demonstrating, and supporting the Accused Instrumentalities.

60. Claim 13 of the ’270 Patent is a method claim. Upon information and belief, Defendant directly infringed Claim 13 of the ’270 Patent under 35 U.S.C. § 271(a) by itself performing each step of the claimed method, including when Defendant’s personnel operated the

Passage Manager application, with the application's offline scanning mode enabled, in the course of developing, testing, demonstrating, and supporting the Accused Instrumentalities.

61. Defendant also has directly infringed, literally or under the doctrine of equivalents, one or more claims, including at least Claims 1 and 13 of the '270 Patent, by having its employees internally test and use the Accused Instrumentalities.

62. Exhibit G includes at least one chart comparing the exemplary Claims 1 and 13 of the '270 Patent to the Accused Instrumentalities. As set forth in this chart, the Accused Instrumentalities practice the technology claimed by the '270 Patent. Accordingly, the Accused Instrumentalities incorporated in this chart satisfy all elements of exemplary Claims 1 and 13 of the '270 Patent.

63. Plaintiff therefore incorporates by reference in its allegations herein the claim chart of Exhibit G.

64. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

65. The '270 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

66. A copy of the '270 Patent is attached hereto as Exhibit A.

67. By engaging in the conduct described herein, Defendant has injured Plaintiff and is liable for infringement of the '270 Patent, pursuant to 35 U.S.C. § 271.

68. Defendant has committed these acts of literal infringement, or infringement under the doctrine of equivalents of the '270 Patent, without license or authorization.

69. As a result of Defendant's infringement of the '270 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

70. Plaintiff is in compliance with 35 U.S.C. § 287.

**COUNT TWO**

**(Infringement of United States Patent No. 9,053,498)**

71. Plaintiff refers to and incorporates the allegations in Paragraphs 1-70, the same as if set forth herein.

72. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq.*

73. Defendant has knowledge of its infringement of the '498 Patent, at least as of the service of the present complaint.

74. Accordingly, Defendant has infringed the '498 Patent in violation of 35 U.S.C. § 271. Upon information and belief, prior to the expiration of the '498 Patent, Defendant infringed one or more claims, including at least Claims 1 and 9 of the '498 Patent, through the Accused Instrumentalities, as identified in the Claim Chart attached hereto as Exhibit H.

75. Claim 1 of the '498 Patent is a system claim that recites both a mobile device and a server. Upon information and belief, Defendant directly infringed Claim 1 of the '498 Patent under 35 U.S.C. § 271(a) by making and using the claimed system, including when Defendant's personnel combined and operated the Passage Manager application on a mobile device under Defendant's control, in communication with Defendant's servers, in the course of developing, testing, demonstrating, and supporting the Accused Instrumentalities.

76. Claim 9 of the ’498 Patent is a method claim. Upon information and belief, Defendant directly infringed Claim 9 of the ’498 Patent under 35 U.S.C. § 271(a) by itself performing each step of the claimed method, including when Defendant’s personnel operated the Passage Manager application, with the application’s offline scanning mode enabled, in the course of developing, testing, demonstrating, and supporting the Accused Instrumentalities.

77. Defendant also has directly infringed, literally or under the doctrine of equivalents, one or more claims, including at least Claims 1 and 9 of the ’498 Patent, by having its employees internally test and use the Accused Instrumentalities.

78. Exhibit H includes at least one chart comparing the exemplary Claims 1 and 9 of the ’498 Patent to the Accused Instrumentalities. As set forth in this chart, the Accused Instrumentalities practice the technology claimed by the ’498 Patent. Accordingly, the Accused Instrumentalities incorporated in this chart satisfy all elements of exemplary Claims 1 and 9 of the ’498 Patent.

79. Plaintiff therefore incorporates by reference in its allegations herein the claim chart of Exhibit H.

80. Plaintiff is entitled to recover damages adequate to compensate for Defendant’s infringement.

81. The ’498 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

82. A copy of the ’498 Patent is attached hereto as Exhibit B.

83. By engaging in the conduct described herein, Defendant has injured Plaintiff and is liable for infringement of the ’498 Patent, pursuant to 35 U.S.C. § 271.

84. Defendant has committed these acts of literal infringement, or infringement under the doctrine of equivalents of the ’498 Patent, without license or authorization.

85. As a result of Defendant’s infringement of the ’498 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant’s past infringement, together with interests and costs.

86. Plaintiff is in compliance with 35 U.S.C. § 287.

## COUNT THREE

## (Infringement of United States Patent No. 9,466,078)

87. Plaintiff refers to and incorporates the allegations in Paragraphs 1-86, the same as if set forth herein.

88. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq.*

89. Defendant has knowledge of its infringement of the ’078 Patent, at least as of the service of the present complaint.

90. Accordingly, Defendant has infringed and continues to infringe the ’078 Patent in violation of 35 U.S.C. § 271. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 7 of the ’078 Patent, through the Accused Instrumentalities, as identified in the Claim Chart attached hereto as Exhibit I.

91. Claim 7 of the ’078 Patent is a method claim. Upon information and belief, Defendant directly infringes Claim 7 of the ’078 Patent under 35 U.S.C. § 271(a) by itself performing each step of the claimed method, including when Defendant’s personnel operate the Passage Manager application, with the application’s offline scanning mode enabled, in the course of developing, testing, demonstrating, and supporting the Accused Instrumentalities.

92. Defendant also has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, one or more claims, including at least Claim 7 of the ’078 Patent, by having its employees internally test and use the Accused Instrumentalities.

93. Defendant has further induced, and continues to induce, infringement of the ’078 Patent in violation of 35 U.S.C. § 271(b).

94. Defendant’s customers directly infringe Claim 7 of the ’078 Patent by performing each step of the claimed method when they install and operate the Passage Manager application on their own mobile devices, with the application’s offline scanning mode enabled, in communication with Defendant’s servers.

95. Defendant knowingly causes that infringement. Defendant designed the offline scanning mode of the Passage Manager application, supplies the Passage Manager application, operates Defendant’s servers, and instructs its customers to use the Accused Instrumentalities in the infringing manner. Defendant’s published instructions direct users to enable the application’s offline mode in the application’s scan settings and to wait for the list of barcodes to finish syncing before scanning, and explain that once the mode is enabled the device “will attempt to download an entire list of scanable barcodes from the server, and then scan from that list instead of from the Passage servers.” *See* https://help.gopassage.com/en/articles/811960-offline-mode-sync-scanning-mode.

96. Defendant has had knowledge of the ’078 Patent and of its customers’ infringement at least as of the service of this Complaint, and has since that date continued to supply the Accused Instrumentalities and to instruct its customers to use them in the manner described above. Defendant therefore acts with the specific intent to encourage that infringement, or at minimum

with willful blindness to it. Defendant is liable as an infringer for the infringement it induces. 35 U.S.C. § 271(b).

97. The service of this Complaint, in conjunction with the attached Claim Chart (Exhibit I) and references cited, constitutes actual knowledge of infringement as alleged here.

98. Exhibit I includes at least one chart comparing the exemplary Claim 7 of the ’078 Patent to the Accused Instrumentalities. As set forth in this chart, the Accused Instrumentalities practice the technology claimed by the ’078 Patent. Accordingly, the Accused Instrumentalities incorporated in this chart satisfy all elements of exemplary Claim 7 of the ’078 Patent.

99. Plaintiff therefore incorporates by reference in its allegations herein the claim chart of Exhibit I.

100. Plaintiff is entitled to recover damages adequate to compensate for Defendant’s infringement.

101. Defendant’s actions complained of herein will continue unless Defendant is enjoined by this Court.

102. The ’078 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

103. A copy of the ’078 Patent is attached hereto as Exhibit C.

104. By engaging in the conduct described herein, Defendant has injured Plaintiff and is liable for infringement of the ’078 Patent, pursuant to 35 U.S.C. § 271.

105. Defendant has committed these acts of literal infringement, or infringement under the doctrine of equivalents of the ’078 Patent, without license or authorization.

106. As a result of Defendant's infringement of the '078 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

107. Plaintiff is in compliance with 35 U.S.C. § 287.

108. As such, Plaintiff is entitled to compensation for any continuing and/or future infringement of the '078 Patent up until the date that Defendant ceases its infringing activities.

**COUNT FOUR**

**(Infringement of United States Patent No. 9,934,528)**

109. Plaintiff refers to and incorporates the allegations in Paragraphs 1-108, the same as if set forth herein.

110. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq*.

111. Defendant has knowledge of its infringement of the '528 Patent, at least as of the service of the present complaint.

112. Accordingly, Defendant has infringed the '528 Patent in violation of 35 U.S.C. § 271. Upon information and belief, prior to the expiration of the '528 Patent, Defendant infringed one or more claims, including at least Claims 7 and 17 of the '528 Patent, through the Accused Instrumentalities, as identified in the Claim Chart attached hereto as Exhibit J.

113. Claim 7 of the '528 Patent is a method claim. Upon information and belief, Defendant directly infringed Claim 7 of the '528 Patent under 35 U.S.C. § 271(a) by itself performing each step of the claimed method, including when Defendant's personnel operated the Passage Manager application, with the application's offline scanning mode enabled, in the course of developing, testing, demonstrating, and supporting the Accused Instrumentalities.

114. Claim 17 of the ’528 Patent claims a non-transitory computer readable medium containing instructions that, when executed by a processor, perform the claimed steps. Upon information and belief, Defendant directly infringed Claim 17 of the ’528 Patent under 35 U.S.C. § 271(a) by making, using, selling, and offering to sell such a medium, including the servers and storage media on which Defendant stored the instructions comprising the Passage Manager application, and the copies of those instructions that Defendant made and transmitted for distribution through the Apple App Store and the Google Play Store.

115. Defendant also has directly infringed, literally or under the doctrine of equivalents, one or more claims, including at least Claims 7 and 17 of the ’528 Patent, by having its employees internally test and use the Accused Instrumentalities.

116. Exhibit J includes at least one chart comparing the exemplary Claims 7 and 17 of the ’528 Patent to the Accused Instrumentalities. As set forth in this chart, the Accused Instrumentalities practice the technology claimed by the ’528 Patent. Accordingly, the Accused Instrumentalities incorporated in this chart satisfy all elements of exemplary Claims 7 and 17 of the ’528 Patent.

117. Plaintiff therefore incorporates by reference in its allegations herein the claim chart of Exhibit J.

118. Plaintiff is entitled to recover damages adequate to compensate for Defendant’s infringement.

119. The ’528 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

120. A copy of the ’528 Patent is attached hereto as Exhibit D.

121. By engaging in the conduct described herein, Defendant has injured Plaintiff and is liable for infringement of the ’528 Patent, pursuant to 35 U.S.C. § 271.

122. Defendant has committed these acts of literal infringement, or infringement under the doctrine of equivalents of the ’528 Patent, without license or authorization.

123. As a result of Defendant’s infringement of the ’528 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant’s past infringement, together with interests and costs.

124. Plaintiff is in compliance with 35 U.S.C. § 287.

## COUNT FIVE

## (Infringement of United States Patent No. 10,600,101)

125. Plaintiff refers to and incorporates the allegations in Paragraphs 1-124, the same as if set forth herein.

126. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq.*

127. Defendant has knowledge of its infringement of the ’101 Patent, at least as of the service of the present complaint.

128. Accordingly, Defendant has infringed and continues to infringe the ’101 Patent in violation of 35 U.S.C. § 271. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claims 1 and 7 of the ’101 Patent, through the Accused Instrumentalities, as identified in the Claim Chart attached hereto as Exhibit K.

129. Claim 1 of the ’101 Patent is a system claim that recites both a mobile device and a server. Upon information and belief, Defendant directly infringes Claim 1 of the ’101 Patent under 35 U.S.C. § 271(a) by making and using the claimed system, including when Defendant’s

personnel combine and operate the Passage Manager application on a mobile device under Defendant's control, in communication with Defendant's servers, in the course of developing, testing, demonstrating, and supporting the Accused Instrumentalities.

130. Claim 7 of the '101 Patent is a method claim. Upon information and belief, Defendant directly infringes Claim 7 of the '101 Patent under 35 U.S.C. § 271(a) by itself performing each step of the claimed method, including when Defendant's personnel operate the Passage Manager application, with the application's offline scanning mode enabled, in the course of developing, testing, demonstrating, and supporting the Accused Instrumentalities.

131. Defendant also has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, one or more claims, including at least Claims 1 and 7 of the '101 Patent, by having its employees internally test and use the Accused Instrumentalities.

132. Defendant has further induced, and continues to induce, infringement of the '101 Patent in violation of 35 U.S.C. § 271(b).

133. Defendant's customers directly infringe Claim 1 of the '101 Patent by using the claimed system and directly infringe Claim 7 of the '101 Patent by performing each step of the claimed method when they install and operate the Passage Manager application on their own mobile devices, with the application's offline scanning mode enabled, in communication with Defendant's servers.

134. Defendant knowingly causes that infringement. Defendant designed the offline scanning mode of the Passage Manager application, supplies the Passage Manager application, operates Defendant's servers, and instructs its customers to use the Accused Instrumentalities in the infringing manner. Defendant's published instructions direct users to enable the application's offline mode in the application's scan settings and to wait for the list of barcodes to finish syncing

before scanning, and explain that once the mode is enabled the device "will attempt to download an entire list of scanable barcodes from the server, and then scan from that list instead of from the Passage servers." *See* https://help.gopassage.com/en/articles/811960-offline-mode-sync-scanning-mode.

135. Defendant has had knowledge of the '101 Patent and of its customers' infringement at least as of the service of this Complaint, and has since that date continued to supply the Accused Instrumentalities and to instruct its customers to use them in the manner described above. Defendant therefore acts with the specific intent to encourage that infringement, or at minimum with willful blindness to it. Defendant is liable as an infringer for the infringement it induces. 35 U.S.C. § 271(b).

136. The service of this Complaint, in conjunction with the attached Claim Chart (Exhibit K) and references cited, constitutes actual knowledge of infringement as alleged here.

137. Exhibit K includes at least one chart comparing the exemplary Claims 1 and 7 of the '101 Patent to the Accused Instrumentalities. As set forth in this chart, the Accused Instrumentalities practice the technology claimed by the '101 Patent. Accordingly, the Accused Instrumentalities incorporated in this chart satisfy all elements of exemplary Claims 1 and 7 of the '101 Patent.

138. Plaintiff therefore incorporates by reference in its allegations herein the claim chart of Exhibit K.

139. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

140. Defendant's actions complained of herein will continue unless Defendant is enjoined by this Court.

141. The ’101 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

142. A copy of the ’101 Patent is attached hereto as Exhibit E.

143. By engaging in the conduct described herein, Defendant has injured Plaintiff and is liable for infringement of the ’101 Patent, pursuant to 35 U.S.C. § 271.

144. Defendant has committed these acts of literal infringement, or infringement under the doctrine of equivalents of the ’101 Patent, without license or authorization.

145. As a result of Defendant’s infringement of the ’101 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant’s past infringement, together with interests and costs.

146. Plaintiff is in compliance with 35 U.S.C. § 287.

147. As such, Plaintiff is entitled to compensation for any continuing and/or future infringement of the ’101 Patent up until the date that Defendant ceases its infringing activities.

## COUNT SIX

## (Infringement of United States Patent No. 12,380,473)

148. Plaintiff refers to and incorporates the allegations in Paragraphs 1-147, the same as if set forth herein.

149. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq.*

150. The ’473 Patent issued on August 5, 2025. On October 7, 2025, the United States Patent and Trademark Office issued a Certificate of Correction for the ’473 Patent correcting claim 1 by cancelling the word “without” at column 12, line 30. A copy of the Certificate of Correction is included with the ’473 Patent at Exhibit F. A certificate of correction has “the same effect and

operation in law on the trial of actions for causes thereafter arising as if the same had been originally issued in such corrected form." 35 U.S.C. § 254; *see also* 35 U.S.C. § 255. Plaintiff accordingly asserts claim 1 of the '473 Patent, as corrected, for infringement occurring on and after October 7, 2025. *See Sw. Software, Inc. v. Harlequin Inc.*, 226 F.3d 1280 (Fed. Cir. 2000).

151. Defendant has knowledge of its infringement of the '473 Patent, at least as of the service of the present complaint.

152. Accordingly, Defendant has infringed and continues to infringe the '473 Patent in violation of 35 U.S.C. § 271. Upon information and belief, on and after October 7, 2025, Defendant has infringed and continues to infringe one or more claims, including at least Claim 1 of the '473 Patent, through the Accused Instrumentalities, as identified in the Claim Chart attached hereto as Exhibit L.

153. Claim 1 of the '473 Patent claims a non-transitory computer readable medium containing instructions that, when executed by a processor contained within a mobile device, perform the claimed steps. Upon information and belief, Defendant directly infringes Claim 1 of the '473 Patent under 35 U.S.C. § 271(a) by making, using, selling, and offering to sell such a medium, including the servers and storage media on which Defendant stores the instructions comprising the Passage Manager application, and the copies of those instructions that Defendant makes and transmits for distribution through the Apple App Store and the Google Play Store.

154. Upon information and belief, Defendant further directly infringes Claim 1 of the '473 Patent under 35 U.S.C. § 271(a) by using the claimed medium, including when Defendant's personnel execute the instructions of the Passage Manager application on mobile devices under Defendant's control, while connected to the communication network, in the course of developing, testing, demonstrating, and supporting the Accused Instrumentalities.

155. Defendant also has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, one or more claims, including at least Claim 1 of the '473 Patent, by having its employees internally test and use the Accused Instrumentalities.

156. Defendant has further induced, and continues to induce, infringement of the '473 Patent in violation of 35 U.S.C. § 271(b).

157. Defendant's customers directly infringe Claim 1 of the '473 Patent by using the claimed medium when they install the Passage Manager application on their own mobile devices and execute its instructions to scan tickets while connected to the communication network, in communication with Defendant's servers.

158. Defendant knowingly causes that infringement. Defendant designed the ticket-scanning and order-retrieval functionality of the Passage Manager application, supplies the Passage Manager application, operates Defendant's servers, and instructs its customers to use the Accused Instrumentalities in the infringing manner. Defendant's published instructions direct its customers to install the Passage Manager application, to scan tickets with it at the event, and to view and redeem the order associated with a scanned ticket. *See* https://help.gopassage.com/en/articles/64009-scanning-tickets-at-the-event; https://blog.gopassage.com/how-to-scan-tickets-using-passage-manager-app.

159. Defendant has had knowledge of the '473 Patent and of its customers' infringement at least as of the service of this Complaint, and has since that date continued to supply the Accused Instrumentalities and to instruct its customers to use them in the manner described above. Defendant therefore acts with the specific intent to encourage that infringement, or at minimum with willful blindness to it. Defendant is liable as an infringer for the infringement it induces. 35 U.S.C. § 271(b).

160. The service of this Complaint, in conjunction with the attached Claim Chart (Exhibit L) and references cited, constitutes actual knowledge of infringement as alleged here.

161. Exhibit L includes at least one chart comparing the exemplary Claim 1 of the ’473 Patent to the Accused Instrumentalities. As set forth in this chart, the Accused Instrumentalities practice the technology claimed by the ’473 Patent. Accordingly, the Accused Instrumentalities incorporated in this chart satisfy all elements of exemplary Claim 1 of the ’473 Patent.

162. Plaintiff therefore incorporates by reference in its allegations herein the claim chart of Exhibit L.

163. Plaintiff is entitled to recover damages adequate to compensate for Defendant’s infringement.

164. Defendant’s actions complained of herein will continue unless Defendant is enjoined by this Court.

165. The ’473 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

166. A copy of the ’473 Patent, together with its Certificate of Correction, is attached hereto as Exhibit F.

167. By engaging in the conduct described herein, Defendant has injured Plaintiff and is liable for infringement of the ’473 Patent, pursuant to 35 U.S.C. § 271.

168. Defendant has committed these acts of literal infringement, or infringement under the doctrine of equivalents of the ’473 Patent, without license or authorization.

169. As a result of Defendant’s infringement of the ’473 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant’s past infringement, together with interests and costs.

170. Plaintiff is in compliance with 35 U.S.C. § 287.

171. As such, Plaintiff is entitled to compensation for any continuing and/or future infringement of the '473 Patent up until the date that Defendant ceases its infringing activities.

## DEMAND FOR JURY TRIAL

172. STI, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b) Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

(c) Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patent Nos. 9,466,078, 10,600,101, and 12,380,473 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward); and

(d) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: November 19, 2026

Respectfully submitted,

/s/ *René A. Vazquez*
René A. Vazquez
Virginia Bar No. 41988
**DNL Zito**
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
rvazquez@dnlzito.com
(703) 989-2244

/s/ *Oscar A. Rodriguez*
Oscar A. Rodriguez
Rodriguez Law PLC
402 West Liberty Street
Ann Arbor, Michigan 48103
oscar@orodlaw.com
(734) 415-9011

**COUNSEL FOR PLAINTIFF**